**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| William Drumwright, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   13 C 8844 |
| | ) | |
| NCB Management Services, Inc., a | ) | |
| Pennsylvania corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, William Drumwright, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt

collection actions violated the FDCPA, and to recover damages for Defendant's

violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and

transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.      Plaintiff, William Drumwright ("Drumwright"), is a citizen of the State of

Virginia, from whom Defendant attempted to collect a delinquent consumer debt that he

allegedly owed for a World's Foremost Bank account ("WFB").  These collection actions

took place despite the fact that he had told the Defendant that he refused to pay the

debt, and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD").

4. Defendant, NCB Management Services, Inc. ("NCB"), is a Pennsylvania corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. NCB operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant NCB was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant NCB is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant conducts substantial business in Illinois.

6. Defendant NCB is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B. In fact, Defendant NCB acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Mr. Drumwright is a disables man, with limited assets and income, who fell behind on paying his bills, including a debt he allegedly owed for a WFB account. When NCB was trying to collect the WFB debt from Mr. Drumwright, by sending him a collection letter, dated October 18, 2013, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial

2

difficulties and Defendant's collection actions. A copy of this collection letter is attached as Exhibit C.

8.      Accordingly, on November 8, 2013, one of Mr. Drumwright's attorneys at LASPD informed NCB that Mr. Drumwright was represented by counsel, and directed it to cease contacting him, and to cease all further collection activities because Mr. Drumwright was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

9.      Nonetheless, on November 12, 2013, Defendant NCB sent an additional collection letter directly to Mr. Drumwright. A copy of this collection letter is attached as Exhibit E.

10.     Accordingly, on December 10, 2013, Mr. Drumwright's LASPD attorneys had to send Defendant another letter directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached at Exhibit F.

11.     Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

12.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13.     Plaintiff adopts and realleges ¶¶ 1-12.

14.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

15.     Here, the letter from Plaintiff's agent/attorney, LASPD, told Defendant, to cease communications and cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant violated § 1692c(c) of the FDCPA.

16.     Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17.     Plaintiff adopts and realleges ¶¶ 1-13.

18.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19.     Defendant knew that Plaintiff was represented by counsel in connection with his debt because his attorneys at LASPD had given Defendant notice, in writing (Exhibit D), that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff.  By directly sending a collection letter to Plaintiff (Exhibit E), despite being advised that he was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

20.     Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for

actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. §

1692k.

## PRAYER FOR RELIEF

Plaintiff, William Drumwright, prays that this Court:

1.      Find that Defendant's debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Drumwright, and against Defendant, for

actual and statutory damages, costs, and reasonable attorneys' fees as provided by §

1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, William Drumwright, demands trial by jury.

> William Drumwright,
>
> By: /s/ David J. Philipps___
> One of Plaintiff's Attorneys

Dated: December 11, 2013

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com